IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-02647-MEH

DERRICK J. GRIFFIE, JR.,

Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT ALLSTATE'S MOTION TO STRIKE PURSUANT TO F.R.C.P. 12**

---

Plaintiff Derrick J. Griffie, Jr., by and through his attorneys, DezaRae LaCrue of Franklin D. Azar & Associates, submits his Response to Defendant Motion to Strike Pursuant to F.R.C.P. [sic] 12, and states as follows:

**INTRODUCTION**

Allstate's baseless motion argues that Plaintiff's Complaint contains far too many details for them to reasonable answer the complaint. The reality of the matter is Plaintiff's Complaint contains ample factual allegations to state the claims alleged against Allstate, and contains detailed factual allegations to both expressly put Allstate on notice of its bad conduct and address Allstate's common and improper litigation tactics, including its repeated improper weaponization of "failure to cooperate" as a defense.[1]

---

[1] Much of defendant's motion appears to be an attempt to, prior to filing an answer, get summary judgment on the reasonableness of its claim handling, time frames, that the claim wasn't "complete", and that its alleged unreasonable lowball offer following a substandard investigation was "facially reasonable", all things that are fact questions for the jury.

1

Ironically, in claiming that Plaintiff's Complaint is too long, Allstate cites many of these specific factual allegations as being impertinent and moves to strike them. These allegations are not impertinent and instead are material. For example, Allstate incredibly claims that allegations regarding the Mitchell Decision Point program, which was used in adjusting Plaintiff's insurance claim and which forms a basis for his unreasonable delay and denial claims, are immaterial because they relate to "an entity not part of this lawsuit." This is preposterous.[2] The Mitchell Decision Point program is a central matter to Plaintiff's claims, inclusive of Allstate's motivations for using the program (i.e. its knowledge of how it will impact claim valuations), how the program works, and how it is used by Allstate. Likewise, the manner in which Allstate trains its adjusters to use Mitchell and Colossus (or the manner in which they have failed to train them) is relevant to Plaintiff's bad faith claim, and is specifically a basis for a finding of bad faith under the Colorado Unfair Claims Settlement Practices Act for failing to implement reasonable procedures, upon which the Colorado legislature has specifically found it is appropriate to instruct a jury on a bad faith claim. See C.R.S. § 10-3-1104(1)(h)(III), see also C.R.S. § 10-3-1113. Likewise, it is relevant whether Allstate has prior notice and knowledge of the fact that due to the nature of the Colossus program and the lack of suitable options when inputting an insured's health status and injuries, its adjusters have repeatedly input inaccurate information causing Colossus to undervalue claims. There is no basis for striking these allegations which set forth factual bases for the unreasonable delay/denial and common law bad faith claims.

**AUTHORITIES AND ARGUMENT**

*A.     Standards on Motions to Strike*

---

[2] This Court should be aware of Allstate's similar response to an interrogatory in the Rooney v Allstate case, 1:17-cv-03132-STV, claiming Mitchell is irrelevant to any issue in the case, in part, because it wasn't specifically mentioned in the Scheduling Order in that case, found by Magistrate Judge Varholak to be a discovery violation at the trial preparation conference of September 17, 2019. There, the very same party was claiming the absence of specific allegations makes the issue irrelevant, they very opposite of what they are saying here.

A motion to strike should only be granted where a pleading contains material that is redundant, immaterial, impertinent, or scandalous. Fed.R.Civ.P. 12(f). As multiple courts have held, motions to strike are disfavored, should rarely be granted, and are often used by litigants as delay tactics. *E.g., Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996); *F.D.I.C. v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993). Such motions should only be granted where the allegations at issue are so unrelated to the claims at issue as to be unworthy of any consideration, and where prejudice to the opposing party would otherwise result. *Id.*

B.  There Is No Basis For Striking The Allegations Identified By Defendant

Allstate's motion that seeks to strike various allegations should be denied in its entirety. Allstate has not met its burden of demonstrating that the allegations are impertinent to the case at hand, and instead the allegations are material. Plaintiff addresses each category of allegations identified by Allstate in turn below.

However, before addressing those paragraphs, Plaintiff notes that his Complaint is by no means an improper "shotgun" pleading. First, while "shotgun pleading is a term seldom used by the 10th Circuit, it typically relates to pleadings where there are numerous claims for relief, and in which the claims themselves merely recite the legal elements while generally referring back to a broad base of factual allegations not specific to the claim. This is NOT what Plaintiff's Complaint does. Under each claim for relief, Plaintiff includes factual allegations that support the elements of her specific claims. See, e.g., First Claim for Relief pleading existence of contract, payment of premiums, facts regarding compliance with its terms, tendering of claim to Allstate, that Plaintiff incurred medical bills and suffered other damages, and Allstate's failure to pay. The same is true for the other claims for relief, as the statutory claim specifies the issues regarding Allstate refusing to provide the reports to Plaintiff among other issues, and the common law bad faith claim contains a listing of facts a. through l. that were unreasonable and in bad faith. This is not "shotgun" in nature.

Moreover, the manner in which the Complaint is structed supports the (extremely common) approach of incorporating prior allegations in the substantive claims for relief, as similar conduct forms all or part of the basis for each claim, and there is overlap between the claims.[3] For example, while it is true that Allstate breached the insurance contract by not paying the benefits owed, it is also true that Allstate breached the implied contractual term of good faith and fair dealing through the entirety of the conduct set forth in the Complaint. While there is a separate tort available for this conduct in Colorado (a common law bad faith claim), it does not mean that this conduct cannot form the basis for a breach of contract claim as well, as it certainly can. Moreover, a bad faith claim in Colorado virtually requires incorporation of all conduct of the insurer, as Colorado law is clear that "the tort of bad faith breach of an insurance contract encompasses an entire course of conduct and is cumulative." *Dale v. Guaranty Nat. Ins. Co.*, 948 P.2d 545, 551 (Colo. 1997). A cumulative, all-encompassing claim, by definition, requires incorporation of allegations regarding the entire course of conduct by the insurer. This is not "shotgun" pleading – this is the objective reality of this nature of tort under Colorado law.

      i.      Paragraphs 44-45

This is an example of the delay and denial tactics that Allstate uses to force its insured into the litigation process. Allstate uses this tactic to force litigants to pay costs to file the case, commit time to the judicial process, and avoids paying benefits owed during this process. There is nothing prejudicial or harmful to Allstate about these allegations, as they provide the reasoning behind their delay/denial tactics against their insured. The motion to strike these allegations must be denied.

      ii.      Paragraphs 51-53

Allstate mischaracterizes these paragraphs as "opinions about the Rules of Evidence" that may or may not be allowed in trial. Instead, these allegations chronicle the fact that Medicare reimbursement rates,

---

[3] Of course the Complaint was filed in state court in Colorado, where this is the preferred and standard way to plead such claims, and is only before this Court due to Defendant's Notice of Removal.

the basis for their evaluations would not be allowed under the Collateral Source Rule in Colorado Courts. Under C.R.S. §13-21-111.6 and C.R.S. §10-1-135, the fact or amount of any collateral source payment or benefits *shall not* be admitted as evidence in any action against an alleged third-party tortfeasor or in an action to recover benefits under section 10-4-609. (emphasis added). The fact that an insurer relies on a system that uses inadmissible evidence at trial to reduce the amount they will pay their insured goes directly to their bad faith conduct. Especially, when the insurer has demonstrated elsewhere that they know that evidence is inadmissible. The motion to strike these allegations must be denied.

        iii.      Paragraphs 57-62

As discussed above, these paragraphs identify specific shortcomings of the Mitchell program that contribute to the unreasonable results it produces (and which Allstate relies upon) with respect to medical expenses, as well as some context regarding Mitchell. These allegations are relevant to Plaintiff's unreasonable delay/denial and bad faith claims. It is undisputed Allstate used its version of Mitchell in the claim process of this claim.

        iv.      Paragraphs 67-69

Allstate again mischaracterizes Plaintiff's argument as a broad irrelevant hypothetical. However, this allegation states that fact that Allstate knows the position that their insureds are in regarding medical bills and choses to reduce the bills to the individual's detriment. Allstate understands the position of their insureds from information from the various other litigations it has forced their insured to file. The fact that Allstate forces individuals to accept their lowered offers knowing that they will not be able to individually negotiate those bills goes directly to their bad faith conduct. The motion to strike these allegations must be denied.

        v.      Paragraphs 80-81

Allstate does not produce its MDP or Colossus reports prior to litigation. Plaintiff's counsel has numerous examples of Allstate entering incorrect information into both programs in other Colorado cases

involving first party adjusters in Colorado. It is absolutely true and relevant that human beings entering information into these computer programs can make errors and these errors are concealed by Allstate until and only if the insured files litigation.

      vi.      Paragraph 90-91

Allstate alleges that this paragraph is a groundless hypothetical that has no bearing in the current litigation. However, Allstate's conduct of reducing Plaintiff's medical bills confronts the possibility that he will be unable to continue paying providers and is held personally responsible for those bills. This is a factual allegation that underlies the Plaintiff's decision to proceed forward with litigation due to Allstate's conduction. The motion to strike must be denied.

      vii.      Paragraph 103

Allstate again mischaracterizes Plaintiff's argument as a broad irrelevant hypothetical. However, this allegation states that fact that Allstate knows the position that their insureds are in regarding medical bills and choses to reduce the bills to the individual's detriment. Allstate understands the position of their insureds from information from the various other litigations it has forced their insured to file. The fact that Allstate forces individuals to accept their lowered offers knowing that they will not be able to individually negotiate those bills goes directly to their bad faith conduct. The motion to strike these allegations must be denied.

WHEREFORE, for the foregoing reasons, Plaintiff requests the Court enter an order DENYING Defendant's Motion in its entirety.

Dated this 15th day of October, 2019.

      Respectfully submitted,

      FRANKLIN D. AZAR & ASSOCIATES, P.C.
      By:  */s/ DezaRae D. LaCrue*
      DezaRae D. LaCrue, Esq., Atty. Reg. #40290
      Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019, I filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT ALLSTATE'S MOTION TO STRIKE PURSUANT TO F.R.C.P. 12** with the Clerk of Court for filing and uploading to the CM/EMF system, which will send notification of such filing to all counsel:

Rebecca K. Wagner, Atty. Reg. No. 33473
Devon D.A. Bell, Atty. Reg. No. 48775
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 350
Greenwood Village, Colorado 80111
Phone Number: (303) 831-5990
FAX Number: (303) 832-7144
E-mail: rwagner@cwfd-law.net
dbell@cwfd-law.net

*/s/ Barbara Windmeyer*_____
Barbara Windmeyer, Paralegal