IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02647-PAB-MEH

DERRICK J. GRIFFIE, JR.,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on defendant's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) [Docket No. 10].

**I. BACKGROUND**

This case arises out of a dispute over insurance coverage. Plaintiff Derrick Griffie Jr. alleges that he suffered injuries arising out of a car accident on May 3, 2019. Docket No. 4 at 1-2, ¶¶ 6-14. At the time of the accident, plaintiff was insured by a policy issued by defendant. *Id*. at 3, ¶¶ 34-35. Plaintiff alleges that defendant has not paid any underinsured motorist benefits to compensate him for his injuries. *Id*. at 7, ¶¶ 106-08.

On August 26, 2019, plaintiff filed this lawsuit in the District Court for the City and County of Denver, Colorado. Docket No. 1-1.[1] The complaint alleges, in some

---

[1] Defendant subsequently removed the case to this Court. Docket No. 1.

detail, the interplay between plaintiff and defendant that has led to this litigation. Docket No. 4 at 2-7, ¶¶ 21-110. The complaint is ten pages long and contains 110 paragraphs of "general allegations." *Id*. at 1-7, ¶¶ 1-110. Plaintiff brings claims against defendant for (1) breach of contract, (2) statutory bad faith pursuant to Colo. Rev. Stat. § 10-3-1116, and (3) common law bad faith. *Id*. at 7-10, ¶¶ 111-33.

Defendant now moves to strike the complaint in its entirety. Although the motion is styled as a motion pursuant to Fed. R. Civ. P. 12(f), defendant's primary argument is that the complaint violates Fed. R. Civ. P. 8 by failing to be "simple, concise, and direct." Docket No. 10 at 2-3 (quoting Fed. R. Civ. P. 8(d)(1)). Defendant also argues that certain allegations in the complaint are "impertinent, immaterial, and redundant" and should be stricken pursuant to Rule 12(f). *Id*. at 10-11.

## II. ANALYSIS

### A. Rule 8

Rule 8 of the Federal Rules of Civil Procedure "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Accordingly, Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 8(d)(1) requires each allegation in the complaint to be "simple, concise, and direct." Dismissal of a complaint without prejudice for failure to comply with Rule 8 is within the trial court's discretion. *Carbajal v. City and Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (citing *Atkins v. Nw. Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992)).

The crux of defendant's argument is that the complaint is a "shotgun pleading." Docket No. 10 at 5-11. A shotgun pleading is one in which "a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors." *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242-43 (D. Colo. 2014); *see also Jacobs v. Credit Suisse First Boston*, No 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011) (describing a shotgun pleading as one in which the pleader "recite[s] an extended narrative . . . and proceed[s] to state numerous claims by simply reciting the formulaic elements of the claim and referring holistically to the preceding narrative as support"). However, a shotgun pleading is not one in which the complaint "provide[s] more than enough detail for anyone reading the complaint to understand the factual basis for each of the claims." *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624-WYD-MEH, 2018 WL 6790307, at *2 (D. Colo. Nov. 28, 2018).

In a recent case, Magistrate Judge Tafoya addressed a nearly identical motion filed by defendant. *See Southwell v. Allstate Prop. & Cas. Co.*, No. 20-cv-1272-PAB-KMT, 2020 WL 4287194 (D. Colo. July 27, 2020). In that case, the court observed that, while it is a "technical violation" for a plaintiff to incorporate by reference all prior allegations into each of his claims, the complaint provided defendant with fair notice of the bases for each claim. *Id*. at *2-3. Further, the court concluded that, because all of plaintiff's claims "largely appear[ed] to have the same factual underpinning," the case was not one where incorporating prior allegations would make it impossible to understand the claims. *Id*. at *3. Magistrate Judge Varholak reached the same

conclusion in denying a similar motion filed by defendant in another recent case. *See Haynes v. Allstate Fire & Cas. Ins.*, No. 19-cv-02397-STV, 2020 WL 816043, at *8 (D. Colo. Feb. 18, 2020) (concluding that "each claim set[] forth the general conduct at issue sufficiently to allow [defendant] to identify which of the more specific allegations incorporated by reference apply to that claim").

So too here. Although plaintiff's three claims commit the technical violation of incorporating all of the factual allegations into the claim for relief,[2] each claim provides the defendant with fair notice of the basis for each claim. For example, as to the first claim, plaintiff specifically alleges that he entered into an automotive insurance contract with defendant, that he has complied with all conditions precedent under the contract, that he is an intended beneficiary and entitled to compensation under the contract, and that defendant has breached the contract by denying him the compensation he is owed. *See* Docket No. 4 at 8, ¶¶ 112-118. From these allegations, defendant has fair notice of the claim and the grounds it rests on. *See Warnick v. Cooley*, 895 F. 3d 746, 751 (10th Cir. 2018). And because all of plaintiff's claims have essentially the same factual underpinning, the Court is not persuaded that this is a case where incorporating prior allegations into each claim makes the claims unintelligible.

Defendant argues that certain allegations in the complaint are legal conclusions and that such allegations violate Rule 8. While the first proposition is true, the second

---

[2] Although technically inappropriate, the practice of incorporating all prior allegations into each claim is commonly employed by attorneys who practice in this district. *See Haynes*, 2020 WL 816043, at *7 n.11 (identifying prior cases in this district in which defendant, as a plaintiff, incorporated by reference all prior allegations into each of its claims).

is not.  For the purposes of determining whether a complaint includes sufficient factual allegations to state a claim for relief, the Court need not accept legal conclusions couched as factual allegations.  *DTC Energy Grp., Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1185 (D. Colo. 2019).[3]  However, it does not follow that an allegation stating a legal conclusion violates Rule 8.  Were defendant's position accurate, almost every complaint filed in this Court would violate Rule 8.  A complaint including legal conclusions is as common as a sunny day in Denver.  Thus, defendant has failed to establish that the complaint is a "shotgun pleading," and the Court will deny the motion to strike the complaint pursuant to Fed. R. Civ. P. 8.

### B.   Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions under Rule 12(f) are viewed with disfavor, both because striking a portion of a pleading is a drastic remedy and because such motions are often used as a dilatory or harassing tactic.  5C Arthur R. Miller et al., *Fed. Prac. & Proc.* § 1380 (3d ed. Apr. 2020 update); *see, e.g.*, *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading . . . is an extreme and disfavored measure."); *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) ("Motions to strike are generally disfavored because they are often used as delaying tactics . . . ." (quotation omitted)).  Thus, motions to strike are typically granted

---

[3] Although defendant suggests that the complaint fails to make factual allegations that could entitle plaintiff to relief, Docket No. 10 at 7, defendant chose to file this motion rather than a motion to dismiss for failure to state a claim.

5

only when the allegations have no bearing on the controversy and the movant can show prejudice. *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). Whether to strike a portion of a pleading is within the trial court's discretion. *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1030-31 (D. Colo. 2014).

Defendant identifies certain paragraphs in the complaint that it contends are redundant, immaterial, or impertinent. Docket No. 10 at 8-9. The Court is not persuaded. Each of the challenged paragraphs has at least some relevance to the overarching allegation that defendant acted in bad faith in handling plaintiff's claim. For example, defendant takes issue with paragraphs alleging certain practices used by a third party employed by defendant to evaluating medical bills in Colorado. Docket No. 4 at 4-5, ¶¶ 57-62. These allegations are relevant in that they tend to explain how or why defendant allegedly failed to pay plaintiff the benefits he is owed. *See Southwell*, 2020 WL 4287194, at *3 (not striking allegations that "may prove relevant to a determination as to whether [defendant's] claim evaluation was reasonable").

Moreover, defendant has failed to make any showing that it would be prejudiced by allowing any of the challenged allegations. Defendant complains that the responsive pleading in this case would be long or complex if the allegations were not struck. Docket No. 10 at 10. This is insufficient to show prejudice. *See Haynes*, 2020 WL 816043, at *9 ("[T]he Court cannot perceive why the allegations would require a 'narrative' response as distinguished from merely admitting or denying the allegations as required under" Rule 8.). Along similar lines, defendant contends that it would be a

"nigh impossible task" to set "appropriate boundaris for discovery" based on the allegations in the complaint.  Docket No. 10 at 10.  From a review of the docket, there is little evidence that this case has been plagued with discovery disputes.  Even so, the proper resolution to disputes over the scope of discovery would be through objections to specific discovery requests, not by asking the Court to edit plaintiff's complaint.  *See Haynes*, 2020 WL 816043, at *9.[4]  Thus, defendant has failed to establish that the drastic remedy of striking allegations from the complaint is appropriate, and the Court will deny the motion to strike pursuant to Fed. R. Civ. P. 12(f).

## III.   CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) [Docket No. 10] is **DENIED**.

DATED August 3, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[4] Because this motion is filed under Rule 12, there was no requirement that defendant confer with plaintiff before filing this motion.  However, as the Court has observed, the issues raised by defendant in this motion are "exactly the sort that could be resolved through meaningful conferral instead of motion practice."  *Mason v. Am. Family Mut. Ins. Co., S.I.*, No. 19-cv-01537-PAB-SKC, 2020 WL 1138472, at *2 n.3 (D. Colo. Mar. 9, 2020); *see also* 5 *Fed. Prac. & Proc.* § 1281 ("[T]here is a general antipathy toward motion practice that is designed simply to polish the pleadings.").